■ In the Matter of Gregorio Lucero, Respondent, v New York City Industrial Development Agency, Appellant. [856 NYS2d 113]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered March 26, 2007, which granted petitioner's application to serve a late notice of claim, unanimously affirmed, without costs.

In support, petitioner asserted that he was working in a

warehouse sublet by his employer from a company that had leased it from respondent agency when a concrete ramp on which he was transporting materials collapsed. It appears that while hospitalized for about seven weeks following the accident, petitioner retained an attorney who failed to file a notice of claim, and that about five months after his discharge from the hospital, petitioner retained a new attorney who made the instant application two months later, or about nine months after the accident. In opposition, respondent asserted that it "never had notice of the alleged occurrence," but did not indicate what records it keeps in the ordinary course of business of accidents like this, and whether those records were searched. No basis exists to disturb the motion court's rejection of what it aptly described as respondent's "bald claim" of no notice. It is incredible that respondent had no notice of the collapse of a large concrete structure inside its building, and of the personal injuries sustained by petitioner, where an ambulance and the Fire Department responded to the scene. We have considered and rejected respondent's other claims. Concur—Lippman, P.J., Mazzarelli, Sweeny, Moskowitz and Renwick, JJ.